SECURITY FEED AND SEED COMPANY, *et al.*, v. J. M. LEE, Individually and as State Comptroller.

189 So. 869
Division A
Opinion Filed June 16, 1939

*Henry C. Tillman, John W. McWhirter, Spessard L. Holland* and *John R. Parkhill,* for Appellees;

*George Couper Gibbs,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for Appellee.

*Evans, Mershon & Sawyer* and *Milam, McIlvaine & Milam* as *Amicus Curiae.*

TERRELL, C. J.—Appellants as complainants, filed their bill of complaint in the Circuit Court of Leon County praying that the Comptroller be enjoined from enforcing collection from them of the gross receipts tax imposed by Chapter 16848, Acts of 1935, better known as the "Chain Store Tax Act." The bill of complaint was sworn to, application for temporary restraining order was granted as to sale of the following classes of merchandise by complainnats but was denied in all other respects:

"(1) As sellers selling their products to dealers, jobbers and other persons, firms or corporations, for resale as tangible personal property.

"(2) On sales of products purchased from other manufacturers, dealers, and jobbers without the State of Florida for delivery directly to the purchaser for the account of the said plaintiffs.

"(3) On sales of products purchased from other manufacturers, dealers, and jobbers within the State of Florida, for delivery directly to the purchaser for the account of the said plaintiffs.

"(4) On sales of fertilizer and fertilizer materials

manufactured by them and sold by them as such manufacturers to others.

"(5)   On sales of insecticides and fungicides manufactured by them and sold and distributed by them as such manufacturers.

"(6)   On sales of paper wraps, wooden shipping containers, paste for the application of labels, box strappings, and the like articles and products used by purchaser in the sale of agricultural and horticultural products and as a part of the consideration for the sale of such agricultural and hroticultural products.

"(7)   On sales of lumber and building materials to building contractors.

"(8)   On sales of crate materials and hampers sold to the purchaser to be used for the purpose of shipping or marketing fruits and vegetables and sold by such purchasers as tangible personal property as a part of the consideration for the sale of agricultural and horticultural products."

From the decree so entered, the instant appeal was prosecuted.

It was agreed that the first and primary question urged may be stated as follows:

"Under subdivision (f) of Section 2 of Chapter 16848, Acts of 1935, commonly known as the Chain Store Act, the receipts derived from the sale of insecticides, fungicides, fertilizer and agricultural or horticultural products, are exempted from the tax imposed by said Act, regardless of whether the seller of said products manufactured or produced them."

The pertinent part of subdivision (f), Section 2 of Chapter 16848, Acts of 1935, is as follows:

"However, 'gross receipts,' as herein used, shall in no case include the receipts derived from the sale of bakery

products, dairy products, ice, insecticides, fungicides, fertilizer and agricultural or horticultural products or implements when sold by the producer or manufacturer thereof."

Appellants contend that the qualifying clause "when sold by the producer or manufacturer thereof" being the concluding part of the Act quoted, limits "implements" only and has no reference to "bakery products, dairy products, ice, insecticides, fungicides, fertilizers, and agricultural or horticultural products" as used in the Act. If read in this manner, the receipts which appellants derive from the sale of such products are exempt from the gross receipts tax whether appellants manufacture or produce them or not.

To support this contention, appellants rely on the fact that Florida is essentially an agricultural State and that it was the purpose of the legislature to exempt agriculture in its broadest sense from the provisions of the Chain Store tax. They also contend that the Act as quoted is ambiguous and being so, the construction most favorable to the tax payer should be adopted. They support their contention with affidavits of members of the 1935 Senate.

As against the contention of appellants, appellees contend that the qualifying clause brought in question limits all the objects of sale named in the Act quoted. They support this contention by Liggett Drug Company, Inc., v. Lee, 126 Fla. 171 So. 326; and Lee v. Hector Supply Co., 133 Fla. 95, 182 So. 613. These cases have been examined and they conclude this point against appellants. In other words, we have held the qualifying clause to limit all the quoted part of the Act and we find no reason to reverse that holding at this time. We therefore hold that unless sold by the producer or manufacturer, all sales of baking products, dairy products, ice, insecticides, fungicides, fertilizer and agricultural or horticultural products or implements must bear the gross receipts tax.

We do not overlook the support given Appellants' contention by affidavits of members of the Senate as to what they intend to accomplish by the act brought in question. The law appears settled that such testimony is of doubtful verity if at all admissible to show what was intended by the Act. Lewis and Sutherland, Statutory Construction, 882.

In briefs of counsel *amicus curiae*, it is contended among other things that sales of feeds and fertilizers should be exempt from the gross receipts tax irrespective of whether sold by the producer or manufacturer thereof because they are subject to a special excise tax imposed by another and different law.

It is true that feeds and fertilizers are subject to a special excise or inspection tax but it is also true that the law imposing the gross receipts tax exempts in terms, sales of gasoline, electricity, sleeping car companies, and express companies. Feeds and fertilizers were not included in these exemptions and there is no showing of an intent on the part of the legislature to do so. It is beyond the powers of the Court to relieve under such circumstances.

It follows that the judgment below must be, and is, affirmed.

Affirmed.

BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating at authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.