366 So.2d 811 (1979)
Michael McLELLAN, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
No. 78-329.
District Court of Appeal of Florida, Fourth District.
January 10, 1979.
Rehearing Denied February 13, 1979.
Donald L. Gattis, Jr. of Wells, Gattis & Hallowes, P.A., Orlando, for appellant.
Thomas G. Kane of Driscoll, Baugh, Langston, Layton & Kane, Orlando, for appellee.
DOWNEY, Chief Judge.
The Circuit Court of Orange County has certified to this Court the following question:
WHETHER FLORIDA STATUTE 627.4132 PERMITS THE PLAINTIFF, MICHAEL McLELLAN, WHO OWNS AN AUTOMOBILE AND HAS A POLICY OF INSURANCE ON WHICH HE IS THE NAMED INSURED, TO STACK THE UNINSURED MOTORIST COVERAGES AVAILABLE UNDER THREE POLICIES IN WHICH HIS FATHER, JAMES McLELLAN, IS THE NAMED INSURED.
Attached to the Certified Question is a stipulation of facts upon which the question should be resolved It appears therefrom that the plaintiff, Michael McLellan, age 28, lives with his father. On December 16, 1976, while driving his own car, Michael *812 was involved in an automobile accident with an uninsured motorist. Michael's vehicle was insured by defendant, State Farm Mutual Automobile Insurance Co., and said carrier paid Michael $15,000 pursuant to the uninsured motorist provisions of said policy.
Michael's father owns three automobiles, all insured by State Farm. Michael contends in this litigation that he is entitled to stack the uninsured motorist coverage contained in each of those three policies on to the coverage contained in the policy on his own car. Thus, the certified question.
It appears conceded that prior to the passage of Section 627.4132, Florida Statutes (1976), Michael would have been entitled to stack the uninsured motorist coverage contained in his father's three policies upon his own.[1] However, in 1976 the Legislature passed the aforementioned statute which provides:
"If an insured or named insured is protected by any type of motor vehicle insurance policy for liability, uninsured motorist, personal injury protection, or any other coverage, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident. However, if none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with applicable coverage. Coverage on any other vehicles shall not be added to or stacked upon that coverage. This section shall not apply to reduce the coverage available by reason of insurance policies insuring different named insureds."
The obvious purpose of the statute is to prohibit the stacking of coverages and to restrict an insured or named insured to the coverage contained in the policy covering the vehicle he was operating. Or if the vehicle involved in the accident is not owned by insured or named insured, then coverage is available only to the extent of coverage on any one vehicle with applicable coverage. However, it is the last sentence of the statute which is not clear and constitutes the issue to be resolved on this appeal.
Plaintiff contends that the purpose to be served by inclusion of the last sentence was to permit stacking of coverage only in the case where the policies involved were issued to different named insureds. In this case Michael was the named insured on his policy and his father was the named insured on his three policies, thus Michael argues the last sentence preserves his right to stack.
Defendant, on the other hand, contends that the Legislative purpose in passing Section 627.4132, supra, was to eliminate stacking entirely. Therefore, in construing the statutory section involved we must seek to arrive at a construction which will effectuate that purpose, State ex rel. Triay v. Barr, 79 Fla. 290, 84 So. 61 (1920), and avoid any construction which would impair, nullify or defeat the result intended, or produce unreasonable, absurd or ridiculous consequences. City of St. Petersburg v. Siebold, 48 So.2d 291 (Fla. 1950).
Defendant suggests the last sentence was added so that in applying this section to an injured person to whom several policies are applicable the injured person can recover on the policy providing the largest coverage. In other words, if the injured person would ordinarily be entitled to coverage under several policies he is entitled to the benefits of the policy affording the largest amount of insurance coverage. Construed in that fashion, the section will not apply to reduce the maximum coverage contained in any one applicable policy.
Adhering to the rules of statutory construction, we are compelled to agree that the defendant's construction is the only one which we can conceive of which is consistent with what we perceive to be the legislative intent in passing the section in question.
*813 Plaintiff has attached an affidavit from a member of the Legislature at the time the act in question was passed stating his view of what the Legislature intended by the provision in question. However, such proof is generally not accepted as admissible evidence to demonstrate legislative intent. Security Feed and Seed Co. v. Lee, 138 Fla. 592, 189 So. 869 (1939).
In view of the foregoing, the certified question is answered in the negative.
Accordingly, this cause is remanded to the trial court for further proceedings.
LETTS and MOORE, JJ., concur.
NOTES
[1] Tucker v. Government Employees Insurance Company, 288 So.2d 238 (Fla. 1973); Sellers v. United States Fidelity and Guaranty Company, 185 So.2d 689 (Fla. 1966); Sellers v. Government Employees Insurance Company, 214 So.2d 879 (Fla. 1st DCA 1968).