380 So.2d 489 (1980)
Alex KOKAY, As Personal Representative of the Estate of Christopher Kokay, a Minor, Deceased, Appellant,
v.
SOUTH CAROLINA INSURANCE COMPANY, a Foreign Corporation, Authorized to Do Business in the State of Florida, Appellee.
No. 79-1431.
District Court of Appeal of Florida, Third District.
February 19, 1980.
*490 Freshman, Gerson & Freshman and Philip M. Gerson, Miami, for appellant.
Corlett, Merritt, Killian & Sikes and Gerald E. Rosser, Miami, for appellee.
Before BARKDULL, SCHWARTZ and BASKIN, JJ.
SCHWARTZ, Judge.
The sole issue before us involves the application of the last sentence of the recently-enacted "anti-stacking" statute, Section 627.4132, Fla. Stat. (1977). We conclude that the provision means just what it says and that the statute does not operate to prevent "stacking," in accordance with the pre-627.4132 law, when the policies involved have different named insureds.
The present case is an appeal from a declaratory judgment for the defendant-insurer, South Carolina Insurance Company, entered, pursuant to cross motions for summary judgment, upon the following stipulated facts. On February 12, 1978, a minor, Christopher Kokay, was killed as a result of the negligence of an uninsured motorist. At the time, he was an additional insured under two separate South Carolina policies, each of which had $10,000 UM coverage. One of the policies insured a vehicle owned by Christopher's father in which he was the named insured; the other covered another car owned by the child's mother, as to which she was the named insured. Christopher was occupying neither automobile when the accident occurred. Since it was agreed that the plaintiff below, Christopher's estate, had sustained more than $20,000 in damages, the sole question in the trial court  as here  was the purely legal one of whether both or only one of the policies applied. The trial judge ruled with the insurance company that, under § 627.4132, only the $10,000 limits of one policy were available. We hold to the contrary.
§ 627.4132, which entirely governs this case, provides in its entirety as follows:
If an insured or named insured is protected by any type of motor vehicle insurance policy for liability, uninsured motorist, personal injury protection, or any other coverage, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident. However, if none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with applicable coverage. Coverage on any other vehicles shall not be added to or stacked upon that coverage. This section shall not apply to reduce the coverage available by reason of insurance policies insuring different named insureds. [e.s.]
Under this statute, it is obvious that, on the facts involved here, the estate is entitled to the benefit of both policies. As the insurer concedes, that would be the case absent the existence of § 627.4132. Tucker v. Government Employees Ins. Co., 288 So.2d 238 (Fla. 1973); Sellers v. United States Fidelity & Guaranty Co., 185 So.2d 689 (Fla. 1966). *491 In other words, the plaintiff was provided with the $20,000 in "coverage [which is] available by reason of [the] insurance policies insuring different named insureds," the father and mother respectively. The entirely clear and totally unambiguous language of the concluding sentence of § 627.4132 explicitly provides that under these facts, the preceding provisions of the section "shall not apply to reduce the coverage," thus plainly leaving the availability of both policies intact. As we said in dealing with the operative provisions of the same statute in State Farm Mutual Automobile Ins. Co. v. Kuhn, 374 So.2d 1079, 1080-1081 (Fla. 3d DCA 1979):
The well established principle of law is that where the words used and the grammatical construction employed in a statute are clear and they convey a definite meaning, the legislature is presumed to have meant what it said and, therefore, it is unnecessary to resort to the rules of statutory construction. Hialeah, Inc. v. B & G Horse Transp., Inc., 368 So.2d 930 (Fla. 3d DCA 1979).
Since the statute itself contains a term which explicitly excepts its effect upon the situation before us, reversal is required.
We recognize that this conclusion is directly contrary to the holding in McLellan v. State Farm Mutual Automobile Ins. Co., 366 So.2d 811 (Fla. 4th DCA 1979). We respectfully, but thoroughly, disagree with that decision. In our judgment, the conclusion reached in McLellan is inappropriately based upon the court's interpretation of the supposed intent of the legislature in enacting § 627.4132 to preclude stacking in every instance, notwithstanding the language in the statute itself which is unequivocally to the contrary of the court's view.[1] But, in the words of Justice Thornal in Tropical Coach Line, Inc. v. Carter, 121 So.2d 779, 782 (Fla. 1960):
In making a judicial effort to ascertain the legislative intent implicit in a statute, the courts are bound by the plain and definite language of the statute and are not authorized to engage in semantic niceties or speculations. If the language of the statute is clear and unequivocal, then the legislative intent must be derived from the words used without involving incidental rules of construction or engaging in speculation as to what the judges might think that the legislators intended or should have intended. Fine v. Moran, 74 Fla. 417, 77 So. 533; Miami Bridge Co. v. Railroad Commission, 155 Fla. 366, 20 So.2d 356; State ex rel. Bie v. Swope et al., 159 Fla. 18, 30 So.2d 748.
Moreover, we do not share either the fourth district's apparent belief that there is an irreconcilable confusion or conflict between the final sentence and the remainder of the statute, or its concern that giving that provision its clear meaning would somehow emasculate the section as a whole. As worded, § 627.4132 serves, as in the Kuhn case, supra, and in State Farm Mutual Automobile Ins. Co. v. Wimpee, 376 So.2d 20 (Fla. 2d DCA 1979), to preclude an insured who has not paid for coverage on the vehicle in which he is injured from claiming the benefits of another policy. It also prevents a particular person who owns and insures several vehicles, each for a premium which is fixed to cover only the risks involved in that vehicle, from nonetheless securing the gross coverage of all the policies. In a situation like this one, however, in which both Christopher's mother and father took out policies and paid premiums which insured him wherever he was, the statute, *492 by its terms, does not apply.[2] In any event, if, as the McLellan case in effect holds, the legislature meant to provide that, under all circumstances, and even though there are different named insureds, the injured person is entitled to the coverage provided by one, and only one, applicable policy, it could, should, and undoubtedly would have said so. But it specifically said otherwise, and we are bound to follow its command.
The judgment below is therefore reversed and the cause remanded with directions to enter a declaratory judgment that the plaintiff is entitled to the $20,000 in UM benefits provided by both policies in question.
Reversed and remanded.
NOTES
[1] Bound to give it some effect, the McLellan court "interpreted" the last sentence to mean that the injured person may recover under the one policy providing the highest coverage. We find no basis for this conclusion in the statute, which contains utterly no indication that its application turns on the amount or limits of coverage in a particular policy. If the legislature intended this result, it could have accomplished it simply by inserting a single word to the effect that "the insured is protected only to the extent of the greatest coverage" available, instead of employing an entire sentence which seems on its face not to deal with the issue at all. Finally, we are mystified as to why the lawmakers would want to provide the benefits of the largest available policy only when the policies have different named insureds.
[2] Another example of the effect of the proviso would be the situation in which a particular insured is covered both by his own and by his employer's policies, for each of which separate premiums would obviously have been paid.