384 So.2d 691 (1980)
Nancy STEPHAN, Appellant,
v.
UNITED STATES Fidelity AND GUARANTY COMPANY and State Farm Mutual Automobile Insurance Company, Appellees.
No. 80-5.
District Court of Appeal of Florida, Second District.
May 21, 1980.
Rehearing Denied June 20, 1980.
*692 W. Cort Frohlich of Wotitzky, Wotitzky, Wotitzky, Mandell, Batsel & Wilkins, Punta Gorda, for appellant.
M. Joseph Lieb, Jr. of Crabtree, Butler, Syprett & Meshad, P.A., Sarasota, for appellee, State Farm Mut. Auto. Ins. Co.
PER CURIAM.
Nancy Stephan, the plaintiff below, appeals from a summary judgment entered in favor of defendant State Farm Mutual Automobile Insurance Company. Stephan contends that the trial court erred in awarding State Farm a summary judgment under Section 627.4132, Florida Statutes (1977), the antistacking statute. We agree and reverse.
Stephan was a passenger in a car owned or leased by her husband's employer. That car was struck by an uninsured automobile resulting in injuries to Stephan. The vehicle in which Stephan was riding was insured by United States Fidelity and Guaranty Company. The U.S.F. & G. policy included uninsured motorist coverage. Stephan was also a named insured under four separate policies of insurance issued by State Farm, each of which included uninsured motorist protection. State Farm, however, declined coverage under any of the four policies contending that Section 627.4132 prohibited Stephan from "stacking" the uninsured motorist coverage of the State Farm policies upon the uninsured motorist coverage of the U.S.F. & G. policy.
In Cox v. State Farm Mutual Automobile Insurance Company, 378 So.2d 330 (Fla.2d DCA 1980) we held that Section 627.4132 does not apply to situations in which an injured plaintiff attempts to combine uninsured motorist coverage from two separate policies when the two policies have different named insureds. In the present case, Stephan was a named insured under all four State Farm policies; accordingly, she is entitled to recovery under only one of those four policies, assuming of course that State Farm has no other defenses to present. This coverage shall be in addition to any recovery under the U.S.F. & G. policy since Stephan was not a named insured under that policy.
The summary judgment in favor of State Farm is reversed and this case is remanded for further proceedings consistent with this opinion.
HOBSON, Acting C.J., and RYDER and DANAHY, JJ., concur.