383 So.2d 966 (1980)
Merri L. BURT and Randall T. Burt, Sr., Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellees.
Alvin NOBLES, As Personal Representative of the Estate of David Nobles, Deceased, Appellant,
v.
Jimmy L. BOYETTE and State Farm Mutual Automobile Insurance Company, Appellees.
Nos. PP-131, PP-132.
District Court of Appeal of Florida, First District.
May 22, 1980.
Norton Bond, Pensacola, for appellant Nobles.
Louis K. Rosenbloum of Levin, Warfield, Middlebrooks, Mabie, Rosenbloum & Magie, P.A., Pensacola, for appellants Merri L. Burt and Randall Burt, Sr.
C. Miner Harrell of Harrell, Wiltshire, Stone & Swearingen, Pensacola, for appellees State Far Mut. Auto. Ins. Co. and Jimmy L. Boyette.
PER CURIAM.
The sole issue presented by this appeal is whether the last sentence of the "anti-stacking" statute, Section 627.4132, Florida Statutes (1977), permits an individual as an insured to combine uninsured motorist coverage, on a vehicle involved in an accident, with coverage under a policy issued to the father of the individual insured when the named insured in each policy is different. Section 627.4132 reads:
If an insured or named insured is protected by any type of motor vehicle insurance policy for liability, uninsured motorist, personal injury protection, or any other coverage, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident. However, if none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with applicable coverage. Coverage on any other vehicles shall not be added to or stacked upon that coverage. This section shall not apply to reduce the coverage available by reason of insurance policies insuring different named insureds.
We hold that the injured insured may combine such coverage and agree with Kokay v. South Carolina Insurance Co., 380 So.2d 489 (Fla. 3d DCA 1980),[1] insofar as it reasoned:
The entirely clear and totally unambiguous language of the concluding sentence of Section 627.4132 explicitly provides *967 that under these facts, the preceding provisions of this section "shall not apply to reduce the coverage," thus plainly leaving the availability of both policies intact... . Since the statute itself contains a term which explicitly excepts its effect upon the situation before us, reversal is required.
.....
[I]f, ... the legislature meant to provide that, under all circumstances, and even though there are different named insureds, the injured person is entitled to the coverage provided by one, and only one, applicable policy, it could, should, and undoubtedly would have said so. But it specifically said otherwise, and we are bound to follow its command.
Contra, McLellan v. State Farm Mutual Automobile Insurance Co., 366 So.2d 811 (Fla. 4th DCA 1979).
Accordingly, because we find, as did Kokay, that the last sentence of the anti-stacking statute is clear and unambiguous, and permits "stacking" under the factual situation here, we hereby reverse the trial court's order dismissing the complaints with prejudice for failure to state a cause of action and remand for further proceedings not inconsistent with this opinion.
Because we conclude the decision in this case directly conflicts with that in McLellan v. State Farm Mutual Automobile Insurance Co., 366 So.2d 811 (Fla. 4th DCA 1979), we so certify for the purpose of compliance with pertinent provisions of the rules should they be invoked.[2]
Reversed and remanded.
McCORD and WENTWORTH, JJ., concur.
LARRY G. SMITH, J., dissents with opinion.
LARRY G. SMITH, J., Dissenting With Opinion.
The statute is not a model of clarity. I agree, however, with the reasoning and interpretation by the Fourth District in the McLellan case. I am further led to accept that court's view by the particular choice of words used by the drafters of the statute.
Under the statute, if the injury occurs in a vehicle not covered by a policy insuring the injured party, he may select coverage "on any one" of the vehicles for which coverage in his behalf is provided. The next to last sentence of the statute provides that coverage on any other vehicles (other than the "any one" vehicle selected by the injured party under the foregoing sentence) "shall not be added to or stacked" upon that coverage. This language is plain enough. The coverage cannot be stacked. If the legislature had intended the result reached by the Third District in Kokay, I am of the opinion that the drafters would have repeated the use of the word "stacked," so that the last sentence of Section 627.4132 would read:
This section shall not apply to prevent coverage from being stacked under policies insuring different named insureds.
This language, or something like it, would be necessary, in my opinion, to reach the result in Kokay. Obviously, the courts cannot rewrite the statute, and we should be able to assume that if one sentence provides that coverage cannot be "stacked," a sentence making an exception would, to be consistent, tell us under what circumstances coverage can be "stacked." I am therefore of the opinion that "reduce the coverage," as used in the last sentence of the statute, is not the opposite of "shall not be ... stacked," used in the sentence preceding it.
Furthermore, the view expressed by the McLellan court that the last sentence allows selection of coverage under the policy having the highest limits, is consistent with the provision allowing a choice by the injured party under the coverage "on any one" provision, above mentioned. On this particular point, I obviously disagree with the observation contained in the last sentence of footnote 1, Kokay opinion at 491. The court there assumes that the choice of the largest coverage available under several *968 policies is possible only when there are different named insureds. My view is that under the plain language of the statute that choice is also available to an injured party who himself is the named insured under several policies on different vehicles, if none of them is involved in the accident. It is true, however, that the choice would not be available to an insured injured in his own covered vehicle. Perhaps it is not too farfetched to assume that the legislature, if it gave any thought to the matter at all, thought there might be some reason to encourage the owner of several vehicles to provide equal amounts of uninsured motorist coverage on each vehicle. Or, perhaps more to the point, the owner has the opportunity to exercise his choice of coverage before, not after, the accident.
For the foregoing reasons I think the judgment appealed should be affirmed. I therefore respectfully dissent.
NOTES
[1] Petition for certiorari was filed March 12, 1980, (case no. 58,830).
[2] Fla.R.App.P. 9.030(a)(2)(A)(ii).