GRIMES, Chief Judge.
This is an appeal from a summary judgment upholding the insurance company’s interpretation of the anti-stacking statute.
On March 19, 1978, Vaughn Porter was injured while a passenger in an automobile driven by Larry Jones when a car owned by Paul Haenel and driven by Lance Haenel struck the Jones’ vehicle. At the time of *1101 the accident the following insurance policies were in force:
(1) The Haenel vehicle was insured by a policy of insurance issued by Fireman’s Fund which had an applicable liability policy limit of $10,000.
(2) The Jones vehicle was insured by a policy of insurance issued by State Farm which had uninsured motorist coverage policy limits for injury to one person of $15,000.
(3) Porter was insured by a policy of insurance issued by Associated Indemnity covering his personal vehicle which had uninsured motorist coverage policy limits for injury to one person of $30,000.
The attorney representing Mr. Porter and his wife submitted in writing to State Farm a proposed settlement with Fireman’s Fund for the liability limits of Haenel’s policy. State Farm responded that it was “not interested in the claim of Vaughn Porter as the law and statute has established that direction.” Several months later the Porters filed suit seeking a tort judgment against the Haenels and their insurer, Fireman’s Fund, and asserting claims for uninsured motorist awards against State Farm and Associated Indemnity Corporation. The court granted summary judgment to State Farm, and the Porters initiated this appeal.
State Farm argues that the Porters may not sue it because they failed to make a request for arbitration. This contention is without merit since the Porters correctly relied upon Section 627.727(6), Florida Statutes (1977),[1] which calls upon the insurer to advise the claimant whether it will agree to a proposed settlement with the tortfeasor and his carrier and commence arbitration of the uninsured motorist claim. When State Farm declined to recognize Mr. Porter’s uninsured motorist claim, the Porters were at liberty to file suit according to the statute in the manner in which they did.[2]
The court entered the summary judgment for State Farm on the basis of McLellan v. State Farm Mutual Automobile Insurance Co., 366 So.2d 811 (Fla. 4th DCA 1979). According to the rationale of that case, Porter could not “stack” State Farm’s uninsured motorist coverage on the larger uninsured motorist coverage of Associated Indemnity. Unfortunately for State Farm, this court has recently taken a contrary position.[3] In Stephan v. United States Fidelity & Guaranty Co., 384 So.2d 691 (Fla. 2d DCA 1980), we held that Section 627.-4132, Florida Statutes (1977), does not *1102 preclude a person injured while riding as a passenger in an automobile involved in an accident with an uninsured motorist from recovering uninsured motorist claims from his host’s carrier as well as his own.[4] Here, just as in Stephan, there were different named insureds on the policies issued by State Farm and Associated Indemnity. See Cox v. State Farm Mutual Automobile Insurance Co., 378 So.2d 330 (Fla. 2d DCA 1980).
Accordingly, we reverse the summary judgment and remand the case for further proceedings consistent with this opinion.
HOBSON and OTT, JJ., concur.

.If an injured person or, in the case of death, the personal representative agrees to settle a claim with a liability insurer and its insured for the limits of liability, and such settlement would not fully satisfy the claim for personal injuries or wrongful death so as to create an uninsured motorist claim against the uninsured motorist insurer, then such settlement agreement shall be submitted in writing to the uninsured motorist insurer, which shall have a period of 30 days from receipt thereof in which to agree to arbitrate the uninsured motorist claim and approve the settlement, waive its subrogation rights against the liability insurer and its insured, and authorize the execution of a full release. If the uninsured motorist insurer does not agree within 30 days to arbitrate the uninsured motorist claim and approve the proposed settlement agreement, waive its subrogation rights against the liability insurer and its insured, and authorize the execution of a full release, the injured person or, in the case of death, the personal representative may file suit joining the liability insurer’s insured and the uninsured motorist insurer to resolve their respective liability for any damages to be awarded . .

. State Farm now suggests that it did not really reject the proposed settlement because in its letter to the Porters’ lawyer it also requested some verification of the Haenels’ coverage with Fireman’s Fund. If there was a real question about the Haenels’ coverage, State Farm, of course, would have been entitled to verification, but it is evident that the refusal to approve the settlement was premised upon the impression that the anti-stacking statute barred the Porters from pursuing an uninsured motorist claim against State Farm.

. We note that the First and Third District Courts of Appeal have also declined to follow the rationale of the McLellan case in its interpretation of the anti-stacking statute. Burt v. State Farm Mut. Auto. Ins. Co., 383 S.W.2d 966 (Fla. 1st DCA 1980); Kokay v. South Carolina Ins. Co., 380 So.2d 489 (Fla. 3d DCA 1980).

. The same rule would apply if the tortfeasor was underinsured since Section 627.727, Florida Statutes (1977), now defines an “uninsured motor vehicle” to include an underinsured one.