388 So.2d 351 (1980)
Michael DAY, Appellant,
v.
UNITED STATES FIDELITY AND Guaranty COMPANY, a Foreign Corporation, Appellee.
No. 80-145.
District Court of Appeal of Florida, Fifth District.
October 1, 1980.
*352 Michael Maher of Maher, Overchuck & Langa, Orlando, for appellant.
Monroe E. McDonald of Sanders, McEwan, Mims & McDonald, Orlando, for appellee.
GREEN, OLIVER L., Associate Judge.
The Appellant, Michael Day, appeals from a final order granting appellee's, United States Fidelity and Guaranty Company, motion for judgment on the pleadings. We reverse.
On June 30, 1978, the appellant, Michael Day, was operating an automobile owned by his brother, Charles Day, when he was injured in an automobile accident involving a negligent, uninsured motorist. Michael Day's injuries were covered under three separate policies of insurance, issued to three different named insureds. Michael Day had a policy issued in his name, with the appellee, United States Fidelity and Guaranty Company, providing uninsured motorist coverage in the amount of $10,000/$20,000. Additionally, Michael Day was covered under a policy issued to his brother, Charles Day, by Fidelity & Casualty Company of New York, providing uninsured motorist coverage in the amount of $10,000/$20,000. Michael Day was also covered under a third policy issued by the Insurance Company of North America, to his mother and step-father, with whom he resided at the time of the accident. A settlement in the amount of $35,000 was eventually reached regarding payment of uninsured motorist coverage under this last mentioned policy, issued to his mother and step-father.
These facts were admitted by the appellee, United States Fidelity and Guaranty Company, however, it was contended that no stacking was possible under the provisions of Section 627.4132, Florida Statutes (1977). The pivotal question in this appeal is whether the last sentence of Section 627.4132 relieves the appellant, Michael Day, from the provision which forbids stacking under certain circumstances. Section 627.4132, Florida Statutes provides:
627.4132 Stacking of coverages prohibited.-If an insured or named insured is protected by any type of motor vehicle insurance policy for liability, uninsured motorist, personal injury protection, or any other coverage, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident. However, if none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with applicable coverage. Coverage on any other vehicles shall not be added to or stacked upon that coverage. This section shall not apply to reduce the coverage available by reason of insurance policies insuring different named insureds.
*353 The Fourth District Court of Appeal held, in McLellan v. State Farm Mutual Automobile Insurance Company, 366 So.2d 811 (Fla. 4th DCA 1979), that Section 627.4132 prohibits stacking entirely, even in cases where the policies sought to be stacked are issued to different named insureds. The court reached this conclusion by what we believe to be a strained judicial interpretation of legislative intent.
The Third District Court of Appeal, in Kokay v. South Carolina Insurance Company, 380 So.2d 489 (Fla. 3d DCA 1980), reached an entirely different result, holding that the last sentence of Section 627.4132 simply means what it says and that is the prohibition against stacking does not apply to insurance policies insuring different named insureds. The court in Kokay went on to state:
We recognize that this conclusion is directly contrary to the holding in McLellan. We respectfully, but thoroughly, disagree with that decision. In our judgment, the conclusion reached in McLellan is inappropriately based upon the court's interpretation of the supposed intent of the legislature in enacting s. 627.4132 to preclude stacking in every instance notwithstanding the language in the statute itself which is unequivocally to the contrary of the court's view.
The decision in Kokay v. South Carolina Insurance has been followed in the cases of Burt v. State Farm Mutual Automobile Insurance Co., 383 So.2d 966 (Fla. 1st DCA 1980); Stephen v. U.S. Fidelity and Guaranty Co., 384 So.2d 691 (Fla. 2d DCA 1980), and Porter v. State Farm Mutual Automobile Insurance Co., 385 So.2d 1100 (Fla. 2d DCA 1980). We adopt the holding in Kokay v. South Carolina Insurance Company. We reject the holding in McLellan v. State Farm Mutual Automobile Insurance Company. We hold that under the facts of this case, the appellant, Michael Day, is entitled to stack coverage under the uninsured motorist provisions of the insurance policy issued to him by the appellee, United States Fidelity and Guaranty Company.
The order herein appealed is reversed and this cause remanded for further proceedings pursuant to this opinion.
REVERSED and REMANDED.
ORFINGER and COBB, JJ., concur.