398 So.2d 1355 (1981)
SOUTH CAROLINA INSURANCE COMPANY, Petitioner,
v.
Alex KOKAY, As Personal Representative of the Estate of Christopher Kokay, a Minor, Deceased, Respondent.
No. 58830.
Supreme Court of Florida.
May 21, 1981.
*1356 Gerald E. Rosser of Corlett, Merritt, Killian & Sikes, Miami, for petitioner.
Philip M. Gerson of the Law Offices of Philip M. Gerson, Miami, for respondent.
Larry Klein, West Palm Beach, for The Academy Of Florida Trial Lawyers, amicus curiae.
OVERTON, Justice.
This is a petition for discretionary conflict review of the decision of the Third District Court of Appeal reported as Kokay v. South Carolina Insurance Co., 380 So.2d 489 (Fla.3d DCA 1980). The opinion of the district court recognizes conflict with the decision of the Fourth District Court of Appeal in McLellan v. State Farm Mutual Automobile Insurance Co., 366 So.2d 811 (Fla. 4th DCA 1979). However, other district courts have aligned themselves with the instant decision. See Day v. United States Fidelity & Guaranty Co., 388 So.2d 351 (Fla. 5th DCA 1980); Porter v. State Farm Mutual Automobile Insurance Co., 385 So.2d 1100 (Fla.2d DCA 1980); Stephan v. United States Fidelity & Guaranty Co., 384 So.2d 691 (Fla.2d DCA 1980); Burt v. State Farm Mutual Automobile Insurance Co., 383 So.2d 966 (Fla.1st DCA 1980); Cox v. State Farm Mutual Automobile Insurance Co., 378 So.2d 330 (Fla.2d DCA 1980). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The issue in conflict concerns the application of the last sentence of the "anti-stacking" statute, section 627.4132, Florida Statutes (1977), which reads in its entirety as follows:
Stacking of coverages prohibited.  If an insured or named insured is protected by any type of motor vehicle insurance policy for liability, uninsured motorist, personal injury protection, or any other coverage, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident. However, if none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to *1357 the extent of coverage on any one of the vehicles with applicable coverage. Coverage on any other vehicles shall not be added to or stacked upon that coverage. This section shall not apply to reduce the coverage available by reason of insurance policies insuring different named insureds.

(Emphasis ours.)
The stipulated facts in the instant case reflect that Christopher Kokay, a minor, was killed in an automobile collision resulting from the negligence of an uninsured motorist. At the time he was an additional insured under two separate South Carolina Insurance Company policies, one insuring his father's car, in which policy the father was the named insured, and the other policy, in which his mother was the named insured, insuring his mother's car. Christopher was not occupying either of the insured vehicles when he was killed. Each policy had $10,000 uninsured motorist coverage, and damages were stipulated to be in excess of $20,000.
The single issue is whether these two policies could be stacked or whether only one policy applied. The trial court concluded that under section 627.4132 only the $10,000 limit of one policy was available. The Third District Court of Appeal held: "The entirely clear and totally unambiguous language of the concluding sentence of § 627.4132 explicitly provides under these facts, the preceding provisions of the section `shall not apply to reduce the coverage,' thus plainly leaving the availability of both policies intact." 380 So.2d at 491. The district court determined that the last sentence means "just what it says and ... the statute does not operate to prevent `stacking,' ... when the policies involved have different named insureds." Id. at 490.
In contrast, the McLellan court prohibited stacking under these circumstances and construed the last sentence to allow selection of coverage under the policy having the highest limits.
We approve the decision of the Third District Court of Appeal in Kokay. We find that, although this statute is not a model of clarity, it should be construed so as to give effect to all sentences and still produce a consistent result.
Under this statute, the key to whether or not two policies may be stacked is simply whether the named insureds for the policies are different or are the same. If the policies have the same named insured, no one covered under both policies, either as named insured or additional insured, may stack the coverages. However, the last sentence allows any person covered under two policies insuring different named insureds to stack these coverages. One may do this whether he is a named insured under one policy and an additional insured under the other or is an additional insured under both policies, as long as the two policies have different named insureds.
We note that the 1980 legislature amended this section by chapter 80-364, Laws of Florida, effective October 1, 1980, which amendment adds before the last sentence the following: "This section shall not apply to uninsured motorist coverage." That amendment was not involved in this proceeding.
For the reasons expressed, we approve the decision of the Third District Court of Appeal and deny the petition for review.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, ALDERMAN and McDONALD, JJ., concur.
ENGLAND, J., concurs with an opinion.
ENGLAND, Justice, concurring.
I find as interesting as the legal issue here what this case illustrates with respect to the effect on the judicial branch of government of imprecise legislation.
Seven trial judges and seven appellate courts, aggregating twenty-eight judges, have struggled to determine what the last sentence of section 627.4132 must have meant before the provision was amended last year. From their efforts have come a diversity of results, a spate of legal maxims used as tools to discern imprecise wording, and a general state of uncertainty for insureds *1358 and insurers. The capstone of this process is the clarion opinion today of another seven jurists which, in light of the 1980 statutory amendment, obviously is of limited application.
I cannot help wondering whether all this judicial activity would not have been avoided by a few more minutes of care and attention in the legislature.