BOYD, Justice,
dissenting.
Although the action taken by the Court in this case today is a denial of the requested review, it represents a determination that we have the constitutional power to hear and decide the case. The statement that the conflict has been resolved in a recent or simultaneously issued decision of this Court presupposes that there was conflict adequate to support the exercise of jurisdiction. I dissent and would dismiss the petition for review.
The decision of the district court brought before us by the petition for review was announced in an opinion that reads, in its entirety:
AFFIRMED on the authority of Day v. United States Fidelity and Guaranty Co., 388 So.2d 351 (Fla. 5th DCA 1980). Contra, MeLellan v. State Farm Mut. Auto. Ins. Co., 366 So.2d 811 (Fla. 4th DCA 1979).
State Farm Mutual Automobile Insurance Co. v. Lawrence, 391 So.2d 761 (Fla. 5th DCA 1980). I believe the question of whether we have jurisdiction to decide this case is directly controlled by Dodi Publishing Co. v. Editorial America, S. A., 385 So.2d 1369 (Fla. 1980). We held there that a decision of a district court, announced without opinion other than a citation of authority, cannot expressly and directly conflict with another decision.
We reject the assertion that we should reexamine a case cited in a per curiam decision to determine if the contents of that cited case now conflict with other appellate decisions. The issue to be decided from a petition for conflict review is whether there is express and direct conflict in the decision of the district court before us for review, not whether there is conflict in a prior written opinion which is now cited for authority.
Id. at 1369. That a decision of a district court brought before us for review, announced in a short-form opinion without discussion but with citations, is headed up with the name of a judge rather than “per curiam,” does not create a difference sufficient to distinguish the case from Dodi Publishing.
In 1956 the people of Florida amended article V of the constitution to create the district courts of appeal and to re-define the jurisdiction of Florida courts. See Comm. Sub.H.J.Res.810 (1955). The language provided that the supreme court could “review by certiorari any decision of a district court of appeal. . . that is in direct conflict with a decision of another district court of appeal or of the supreme court on the same point of law. . . . ” Art. V, § 4(2), Fla.Const. of 1885 (1956).
In Foley v. Weaver Drugs, Inc., 177 So.2d 221 (Fla. 1965), the Court held that a decision of a district court announced without opinion could be reviewed if it was determined from the “record proper” that the decision created the requisite conflict. This decision has been much criticized over the years and was widely blamed for the Court’s increasing case load and for undermining the intended effect of the 1956 reform. See England, Hunter, and Williams, Constitutional Jurisdiction of the Supreme Court of Florida: 1980 Reform, 32 U.Fla.L. Rev. 147 (1980), and sources cited therein.
In 1980 the people again amended article V, so that the “conflict” category of discretionary jurisdiction to review district court of appeal decisions requires that the decision “expressly and directly” conflict with a decision of another district court of appeal or the supreme court. Art. V, § 3(b)(3), Fla.Const.; Sen.J.Res. 20-C (1980). The intent of the amendment was to restore the district courts of appeal to their originally intended stature as courts of final appellate jurisdiction and to eliminate the practice by attorneys of automatically seeking review on behalf of litigants who lose their cases in the district courts.
Today’s decision is to the 1980 reform what the Foley decision was to the 1956 amendment. It is the first chink in the armor that guards this Court against an onslaught of petitions for review. It is the first step in returning to the view that regards the district courts as mere intermediate appellate courts. Like Foley, the decision today authorizes us to look beyond *1328 the published decision of a district court. It sanctions our examination of the cited cases to search for conflicting views.
We should dismiss the petition for review because the Court simply has no jurisdiction. Only by firmly adhering to the letter of the 1980 amendment can we assure that it achieves the purpose the people intended. If we make an exception, such as we make in this case, then attorneys will come forth with ingenious arguments asserting that their cases fall within the exception. Countless petitions will be filed which might otherwise have been thought patently unmeritorious. The people have rejected the Foley doctrine. The door should remain firmly closed.
I respectfully dissent.