PER CURIAM.
Joseph Lowry appeals from a final order granting summary judgment in favor of *669 State Farm Mutual. Two insurance policies were issued by State Farm Mutual. Policy One was issued to Joseph Lowry, individually, as named insured. Policy Two was issued to Joseph Lowry and to Mrs. Lowry as named insureds. The trial court correctly concluded that to permit stacking in this instance would be a violation of Section 627.4132, Florida Statutes (1977), which prevents stacking separate policies involving the same named insured. See South Carolina Insurance Company v. Kokay, 398 So.2d 1355 (Fla.1981); Stephan v. United States Fidelity & Guaranty, 384 So.2d 691 (Fla. 2d DCA 1980); cf., Cox v. State Farm Mutual Automobile Insurance Company, 378 So.2d 330, 333 (Fla. 2d DCA 1980) (stacking allowed where policies issued to entirely different named insureds).
State Farm Mutual has conceded that with respect to the second issue raised in this appeal Hartford Accident & Indemnity Co. v. Lackore, 408 So.2d 1040 (Fla.1982), is controlling. We, accordingly, remand with directions to modify the final judgment deleting the P.I.P. setoff previously ordered.
Affirmed in part, reversed in part, remanded with directions.