ZEHMER, Judge.
State Farm appeals a final judgment awarding the Northrops $65,000 by allowing stacking of the uninsured motorist benefits provided by three separate automobile insurance policies issued by State Farm to Ronald Northrop and others as named insureds. As State Farm conceives it, “the question presented to this Court is whether the policies involved in this case insured ‘different named insureds’ within the purview of the last sentence of Section 627.-4132, Florida Statutes (1979).”[1] State Farm also contends that if we reverse, then the award to appellees of attorney’s fees and costs under Section 627.428, Florida Statutes, was also error.
On July 18, 1980, Ronald Northrop, while traveling on his motorcycle, was struck by an uninsured automobile. At the time of the accident, Northrop had three automobile insurance policies in effect with State *707 Farm. The first policy insured Northrop alone as the named insured, covered the motorcycle involved in the accident, and provided uninsured motorist coverage with limits of $15,000 each person, $30,000 each accident. The second policy insured Northrop and his wife as named insureds and covered a 1971 Ford Torino automobile. The third policy insured Northrop and his daughter as named insureds and covered a 1968 Pontiac. Each of these last two policies provided uninsured motorist coverage with limits of $25,000 each person, $50,000 each accident. The trial court entered a partial summary judgment for appellees on the issue of stacking,[2] which became final upon the entry of judgment after a jury trial on issues of the uninsured driver’s liability and the amount of appellee’s damages.
State Farm contends that its liability is limited to the policy insuring the motorcycle which Northrop was operating at the time of the accident, relying upon the Third District Court’s opinion in Lowry v. State Farm Mutual Autumobile Insurance Co., 421 So.2d 668 (Fla. 3d DCA 1982). In Lowry, the court held that Section 627.4132, Florida Statutes (1979), prohibits stacking of multiple policies when the policies contain the same named insured, even if one or more of the policies contain an additional named insured.
On the narrow issue of statutory construction argued by the parties,[3] we agree with the decision in Lowry, supra, that the language in Section 627.4132, in effect on July 18, 1980, was intended to prohibit “stacking” of uninsured motorist coverage in the circumstances of this case. We reverse the judgment below that allows stacking of benefits under the three policies, and reverse the allowance of attorney’s fees and costs.[4] The case is remanded for further proceedings not inconsistent with this opinion.
ROBERT P. SMITH, Jr., C.J., and WENTWORTH, J., concur.

. Section 627.4132 provided as follows on July IS, 1980, the date of the accident in this case:
627.4132 Stacking of coverages prohibited. —If an uninsured or named insured is protected by any type of motor vehicle insurance policy for liability, uninsured motorist, personal injury protection, or any other coverage, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident. However, if none of the insured’s or named insured’s vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with applicable coverage. Coverage on any other vehicles shall not be added to or stacked upon that coverage. This section shall not apply to reduce the coverage available by reason of insurance policies insuring different named insureds.
The statute was amended, effective October 1, 1980, to exclude uninsured motorists coverage from its operation altogether. Ch. 80-364, Laws of Florida (1980).

. A prior appeal from that interlocutory order was dismissed by this Court on January 13, 1982, for lack of jurisdiction.

. We note that both State Farm and appellees have only argued the meaning of the statutory language and its application to the facts of this case, which language apparently was the basis of the trial court’s partial summary judgment against State Farm. Neither party addressed whether the statute is self-executing in view of its language that “the policy shall provide,” Section 627.4132, Fla.Stat. (1979), nor did they refer to any specific policy provisions that implement the statutory mandate. Both parties argue in their briefs that premium reduction was the motivating factor behind the adoption of the anti-stacking statute in 1976 (see Sections 10 and 14, Ch. 76-266, Laws of Florida (1976)), but neither party discussed whether State Farm made any change or reduction in premiums for uninsured motorist coverage because of incorporating the anti-stacking statutory provisions in its policies. We have not determined whether these issues (or perhaps other issues of fact) have been raised by the pleadings and, accordingly, have not considered such issues.

.Both parties agree that reversal on the stacking issue requires reversal of the attorney’s fees allowed under Section 627.428, Florida Statutes (1979).