HERSEY, Judge.
This appeal involves construction of the phrase “different named insureds” as used in Section 627.4132, Florida Statutes (1979), the anti-stacking statute. That section provides:
If an insured or named insured is protected by any type of motor vehicle insurance policy for liability, uninsured motorist, personal injury protection, or any other coverage, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident. However, if none of the insured’s or named insured’s vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with applicable coverage. Coverage on any other vehicles shall not be added to or stacked upon that coverage. This section shall not apply to reduce the coverage available by reason of insurance policies insuring different named insureds.
In September of 1980 Gerald Roberts, the appellee, was injured by the negligence of an uninsured motorist. He collected uninsured motorist coverage under a State Farm policy which listed the vehicle involved in the accident and which had as named insureds “Gerald or Mildred Roberts.” Appellee also has an Allstate policy for uninsured motorist coverage in which the named insureds are “George or Gerald Roberts” and which lists a 1976 Ford (not involved in this accident) as the only insured vehicle.
Allstate sought a declaratory decree as to its rights and obligations under appel-lee’s Allstate policy. The trial court entered judgment in favor of appellee on the coverage issue “[sjince George Roberts is a named insured under this Allstate policy and is not a named insured under either of the State Farm policies.” Thus, the court concluded “there are different named insureds.”
The trial court thus applied one of two possible constructions of the phrase. It assumes that if a policy lists any named *574 insured not included as a named insured in another policy then “there are different named insureds.” The preferable construction, and the one supported by the weight of authority, is that if one named insured is common to two or more policies then there are not different named insureds within the meaning of this exception to the anti-stacking statute. South Carolina Ins. Co. v. Kokay, 398 So.2d 1355 (Fla.1981).
In holding to the contrary the trial court found that Lowry v. State Farm Mut. Ins. Co., 421 So.2d 668 (Fla. 3d DCA 1982) is distinguishable. We disagree. In Lowry two insurance policies were issued by State Farm Mutual. One was issued to Joseph Lowry as named insured and the other was issued to Joseph and Mrs. Lowry as named insureds. The court concluded that “to permit stacking in this instance would be in violation of Section 627.4132, Florida Statutes (1977), which prevents stacking separate policies involving the same named insured.” 421 So.2d at 669. The 1977 version of the statute is the same as the 1979 version. See State Farm Mut. Automobile Ins. Co. v. Taylor, 434 So.2d 37 (Fla. 5th DCA 1983), which involves similar facts, the 1979 statute, and follows Lowry, and State Farm Mut. Automobile Ins. Co. v. Northrop, 437 So.2d 706 (Fla. 1st DCA 1983) wherein the first district held on the narrow issue of statutory construction that it agrees with Lowry that Section 627.4132, Florida Statutes (1979) prohibits stacking of uninsured motorist coverage in these circumstances.
Following Lowry, Taylor and Northrop and consistent with Kokay, we hold that stacking of uninsured motorists’ coverage is prohibited where, as here, a named insured under one policy is also a named insured under a second policy the coverage under which is sought to be stacked onto the coverage of the first policy. Accordingly we reverse and remand for the entry of judgment consistent with this opinion.
REVERSED AND REMANDED.
DOWNEY and BERANEK, JJ., concur.