429 So.2d 1260 (1983)
CALOOSA PROPERTY OWNERS ASSOCIATION, INC., Appellant,
v.
PALM BEACH COUNTY BOARD OF COUNTY COMMISSIONERS, Caleffe Investment, Ltd., and Worthington Enterprises, Inc., Appellees.
No. AM-472.
District Court of Appeal of Florida, First District.
March 31, 1983.
Rehearing Denied May 3, 1983.
*1262 Tracy R. Sharpe of Farish, Farish & Romani, West Palm Beach, and Randall E. Denker of Lehrman & Denker, Tallahassee, for appellants.
Alan J. Ciklin of Boose, Ciklin & Martens, West Palm Beach and Robert M. Rhodes and James C. Hauser of Messer, Rhodes & Vickers, Tallahassee, for appellees Caleffe Inv., Ltd. and Worthington Enterprises, Inc.
Jim Smith, Atty. Gen., Nancy G. Linnan, Asst. Deputy Atty. Gen., Linda Loomis Shelley, Governor's Asst. Gen. Counsel, Tallahassee, for appellee Florida Land and Water Adjudicatory Com'n.
Charles F. Schoech, County Atty., John Corbett, Asst. County Atty., West Palm Beach, for appellee Palm Beach County.
ERVIN, Judge.
Appellant, an organization of property owners, seeks review of an order of the Land and Water Adjudicatory Commission which dismissed its administrative appeal on the ground that the association, comprised of persons owning property adjoining a development of regional impact (DRI),[1] had no standing, under the provisions of Section 380.07, Florida Statutes, to appeal the order entered by the local governmental entity having jurisdiction over the property affected by the proposed DRI. We affirm on all points raised.
Pursuant to the procedure set out in Chapter 380, Florida Statutes, for approval of a DRI, the developers in September, 1981, filed an application for development approval (ADA) with the local governmental entity having jurisdiction over the property  appellee Palm Beach County Board of County Commissioners. § 380.06(6), Fla. Stat. Because a DRI impacts on more than a mere neighborhood or one community, the statutory procedure for review of a DRI requires consideration by both the local government and a "regional planning agency." § 380.06(9)-(11), Fla. Stat.[2] In this case the regional planning agency  the Treasure Coast Regional Planning Council (TCRPC)[3]  conducted a hearing and approved the developer's ADA in December, 1981.[4] The regional planning agency recommended approval of the DRI. In early 1982, the Palm Beach County Commission considered the regional planning council's recommendation, held a public hearing regarding *1263 the developers' DRI proposal, approved the DRI, and issued a section 380.06(2) development order.
Appellant then filed an administrative appeal with the Florida Land and Water Adjudicatory Commission[5] under the provisions of section 380.07(2), stating in relevant part:
(2) Whenever any local government issues any development order in any area of critical state concern, or in regard to any development of regional impact, copies of such orders as prescribed by rule by the state land planning agency shall be transmitted to the state land planning agency, the regional planning agency, and the owner or developer of the property affected by such order. Within 45 days after the order is rendered, the owner, the developer, an appropriate regional planning agency, by vote at a regularly scheduled meeting, or the state land planning agency may appeal the order to the Florida Land and Water Adjudicatory Commission by filing a notice of appeal with the commission....
(e.s.) The appeal to the Land and Water Adjudicatory Commission, naming the Palm Beach County Commission as respondent/appellee, sought to overturn the issuance of the development order. However, before the Land and Water Adjudicatory Commission could consider the merits of the appeal, the developers intervened[6] and moved for dismissal of the appeal, because appellant Caloosa Property Owners Association, Inc., was not a proper party for appellate purposes under section 380.07(2).
The case was assigned to a hearing officer, who agreed that appellant was not a proper party to appeal a DRI development order under the provisions of section 380.07(2). The hearing officer recommended dismissal of the appeal with prejudice, and the Land and Water Adjudicatory Commission adopted the hearing officer's recommended order. Appellant now asserts that the Land and Water Adjudicatory Commission has erred; that it has a right of appeal under section 380.07(2) or, alternatively, under the Administrative Procedure Act, Chapter 120, Florida Statutes; or that if it is not a proper party under either section 380.07(2) or Chapter 120, that section 380.07(2) is violative of both its Fourteenth Amendment rights, as well as its Florida constitutional rights to equal protection and access to courts. Art. I, §§ 2, 21, Fla. Const.
Regarding appellant's standing to appeal the development order to the Land and Water Adjudicatory Commission, we find no less than two reasons for affirming the Commission's determination that appellant is not a proper party to appeal a development order under section 380.07(2). First, the second sentence in the statute states that four individuals or entities may appeal a development order, including the state land planning agency,[7] the appropriate regional planning council  in this case the TCRPC,[8] the developer,[9] or the owner. Each of these terms is defined by statute or administrative rule with the exception of the term "owner." We think it obvious that the term "owner" in section 380.07(2) refers to the owner of the property on which the DRI is to be located. The second sentence of the statute refers to "the owner" as one of the designated parties entitled to take an appeal to the Land and Water Adjudicatory Commission (e.s.). The second sentence of the statute must be read in pari materia with the first sentence of the statute *1264 in an effort to give the statute meaning. State v. Gale Distributors, Inc., 349 So.2d 150 (Fla. 1977); 30 Fla.Jur. Statutes § 16 (Rev. 1974). The first sentence states that copies of the development order are to be sent, inter alia, to "the owner or developer of the property affected by such order." § 380.07(2), Fla. Stat. (e.s.) The legislature, in enacting this statute, did not refer to "an owner" or to "any property affected by such order." Rather, the legislature referred to the property that is the subject of the Chapter 380 review and to the owner of that property.
"The" is a term used "[b]efore singular or plural nouns ... that denote particular specified persons or things ... [or] [b]efore a noun, and generally stressed emphasizing its uniqueness or prominence." American Heritage Dictionary of the English Language 1333 (New College ed. 1979). Since the legislature is presumed to know the meaning of the words it utilizes and to convey its intent by use of specific terms,[10] we must apply the plain meaning of those words, if they are unambiguous. Sachs v. Hoglund, 397 So.2d 447, 448 (Fla. 3d DCA 1981). Use of the word "the" to refer to "the" owner or "the" property is sufficiently unambiguous to specify the narrow class of property owner entitled under section 380.07(2) to appeal a development order.
In reaching this determination, we are mindful of the legislative intent in setting up the DRI review process, which forms the second reason for our interpretation of the statute. Section 380.021, Florida Statutes, unequivocally provides that the procedures set forth in Chapter 380 are for the purpose of preserving our state's natural resources, as well as to "facilitate orderly and well-planned development" through state-established growth management techniques. Implicit in this statement of legislative purpose and the review procedures in Chapter 380 is the view that the DRI review process is primarily a comprehensive land use review technique for large scale development involving primarily two groups  developers on one hand, and on the other, governmental planners and permitting authorities. We alluded to this in Suwannee River Area Council Boy Scouts of America v. State, Department of Community Affairs, 384 So.2d 1369 (Fla. 1st DCA 1980), wherein we stated:
We recognize it is not the purpose of Chapter 380 to provide a forum for parties whose complaints focus on alleged detriment to activities they wish to conduct on adjoining land. "Regional impact" is concerned with matters affecting the public in general, not special interests of adjoining landowners. We point out that such special interests are properly asserted before the local governing body having jurisdiction to control land use and development under zoning and building regulations.[3]
* * * * * *
[3] Emphasis on local control and the limited scope of Chapter 380 is expressed in the legislative intent, found in Section 380.021, that "state land and water management policies should, to the maximum possible extent, be implemented by local governments through existing processes for the guidance of growth and development; and that all the existing rights of private property be preserved in accord with the constitutions of this state and of the United States."
Id. at 1374.
We consider that merely because section 380.07(2) does not permit adjoining landowners or other affected parties to appeal a development order to the Land and Water Adjudicatory Commission, the lack of such a remedy does not abrogate the right of such parties to seek redress in court, caused by a taking of their property.[11] Nor does it affect the right of any citizen to intervene in a proceeding before any administrative, licensing or other proceeding  such as a Land and Water Adjudicatory Commission appeal  for the protection *1265 of the environment,[12] or the right of an adversely affected party to file a court challenge to a zoning decision that forms a part of or that is related to a development order,[13] or to seek any other action permitted by law.
Appellant next contends that it has a right of appeal to the Land and Water Adjudicatory Commission under the Administrative Procedure Act, Chapter 120, because it is a "substantially affected party." Admittedly, the association is a class of substantially affected persons, as that term was applied in Florida Home Builders Association v. Department of Labor and Employment Security, 412 So.2d 351 (Fla. 1982), to a section 120.56(1) rule challenge proceeding, and extended in Farmworkers Rights Organization, Inc. v. Department of Health and Rehabilitative Services, 417 So.2d 753 (Fla. 1st DCA 1982) to section 120.57(1) proceedings. Thus, the members of the association need only show that their substantial interests are either affected or determined by the proposed action. Again, admittedly, proceedings before the Commission are to be conducted pursuant to procedures set out in Chapter 120, § 380.07(3), Fla. Stat.; Fla. Admin. Code Rules 27G-1.01(2)(b), 27G-1.08. However, merely because the APA authorizes that Commission proceedings be conducted pursuant to its tenets does not necessarily control who may appeal to the Commission. To permit any substantially affected party to appeal would contravene the requirements of section 380.07(2).
Appellant argues that Chapter 120 supersedes or impliedly repeals § 380.07(2), because the former was enacted later in time than the latter statute. Appellant applies the maxim of statutory construction that the last expression of the legislative will in point of time prevails. See, e.g., Speights v. State, 414 So.2d 574, 578 at n. 10 (Fla. 1st DCA 1982).[14] However, appellant asks us to overlook the general rule that a repeal by implication is not favored by the courts. DeBolt v. Department of Health and Rehabilitative Services, 427 So.2d 221 (Fla. 1st DCA 1983).
Enactment of Chapter 120 could not be viewed by us as impliedly repealing section 380.07(2), unless this result was clearly intended by the legislature. Simply because a later statute relates to matters covered in whole or in part by a prior statute does not cause a repeal of the former statute. State v. Dunmann, 427 So.2d 166 (Fla. 1983). We find no legislative intent to repeal impliedly section 380.07(2). In fact, we find that the legislature has declared that section 380.07(2) has a continuing vitality by virtue of Chapter 77-215, section 3, Laws of Florida, wherein section 380.07(2) was amended. The appellant cites Section 120.72(1)(a), Florida Statutes, as authority to bolster its argument that section 380.07(2) has been impliedly repealed. Section 120.72(1)(a) states:
120.72 Legislative intent; prior proceedings and rules; exception. 
(1)(a) The intent of the Legislature in enacting this complete revision of chapter 120 is to make uniform the rulemaking and adjudicative procedures used by the administrative agencies of this state. To that end, it is the express intent of the Legislature that chapter 120 shall supersede all other provisions in the Florida Statutes, 1977, relating to rulemaking, agency orders, administrative adjudication, licensing procedure, or judicial review or enforcement of administrative action for agencies as defined herein to the extent such provisions conflict with Chapter 120, unless expressly provided otherwise by law subsequent to January 1, 1975, except for marketing orders adopted pursuant to chapters 573 and 601.
*1266 (e.s.) Here again, Chapter 77-215, enacted after January 1, 1975, is express authority providing the limited manner in which Chapter 120 does not control Land and Water Adjudicatory proceedings. Therefore, we find that section 380.07(2) has been neither expressly nor impliedly repealed.
Alternatively, appellant argues that the Land and Water Adjudicatory Commission is an "agency" as defined in section 120.52(1) and is therefore subject to the APA; that it has the right to appeal to the Commission, since "all proceedings in which the substantial interests of a party [that] are determined by an agency" are subject to an APA hearing by virtue of section 120.57; that an agency may be exempted in whole or in part from the APA by order of the Administration Commission, Section 120.63, Florida Statutes, and that no order exempting the Land and Water Adjudicatory Commission has ever been issued. We are unable to say whether an order has ever been issued that would exempt the Commission from the APA, but it would seem superfluous, because by virtue of section 380.07, the legislature has in part exempted the Commission from the requirements of Chapter 120 by specifying who may seek review of and under what conditions he may seek review of a development order by the Commission.
Turning now to appellant's constitutional claims, it is first contended that because the appellant has no standing under either section 380.07(2) or the APA, its federal and Florida constitutional rights to equal protection have been violated. Appellant maintains that section 380.07(2) creates two separate classes: (1) landowners applying for DRI approval, and (2) landowners substantially affected by DRI approval. Appellant perceives that it is a member of the latter class and that the legislature has treated the latter group in a manner violative of principles of equal protection by providing plenary rights of legal review to the first class and providing no right of legal review to the second class.[15]
In reviewing appellant's claim of denial of equal protection of the laws, we apply the rational basis test, which requires that the classifications devised by the statutory scheme be rationally related to a legitimate state interest. Gluesenkamp v. State, 391 So.2d 192, 200 (Fla. 1980). To be rationally related to a legitimate state interest, there must be some reasonable basis for the classification. Pinillos v. Cedars of Lebanon Hospital Corp., 403 So.2d 365, 367 (Fla. 1981).
Appellees suggest that while Chapter 380 is intended to facilitate uniform regulation and orderly growth, see section 380.021, limited standing under section 380.07(2) avoids administrative and judicial delay in resolving landowners' development rights, and also represents a factor in the legislative balance between public and private rights. This is a legitimate governmental objective. To allow various other parties to appeal a development order could delay one's right to proceed with a development project approved by local authorities and reviewed by regional officials. The rule is well established that as long as the classificatory scheme chosen by the legislature rationally advances a legitimate objective, courts will disregard the methods employed in achieving the objective, and the challenged enactment will be upheld. Schweiker v. Wilson, 450 U.S. 221, 235, 101 S.Ct. 1074, 1083, 67 L.Ed.2d 186 (1981). And, if the classification has "some reasonable basis," it will not offend the constitution "because in practice it results in some inequality." Dandridge v. Williams, 397 U.S. 471, 485-86, 90 S.Ct. 1153, 1161-62, 25 L.Ed.2d 491 (1969). Thus, there is a reasonable basis for the classifications at bar.
Appellant also asserts that the limited standing provisions of section 380.07(2) deny appellant's Florida constitutional right of access to courts. Art. I, § 21, Fla. Const. This provision provides that Florida courts *1267 shall be open to every person for redress of any injury. In Kluger v. White, 281 So.2d 1 (Fla. 1973), the supreme court observed that this provision applies only to causes of action that existed at common law or by statute prior to adoption of the Declaration of Rights in the Florida Constitution. Id. at 4; see also Fernandez v. Florida Insurance Guaranty Association, Inc., 383 So.2d 974, 976 (Fla. 3d DCA 1980), rev. denied, 389 So.2d 1109 (Fla. 1980); Harrell v. State, Dept. of Health and Rehabilitative Services, 361 So.2d 715, 717 (Fla. 4th DCA 1978). Because the DRI review process obviously did not exist prior to adoption of the Declaration of Rights, there can be no access to courts problem.
Lastly, appellant argues that the statute violates Florida constitutional requirements of separation of powers. Art. II, § 3, Fla. Const. Legislative designation of the individuals or entities having standing to appeal to the Land and Water Adjudicatory Commission is procedural, as opposed to substantive in nature, according to appellant. Compare Avila South Condominium Association, Inc. v. Kappa Corp., 347 So.2d 599 (Fla. 1977). Appellant's not unpersuasive argument runs afoul of Florida Wildlife Federation v. State Department of Environmental Regulation, 390 So.2d 64, 66-67 (Fla. 1980), wherein the supreme court distinguished Avila South Condominium Association. The court observed that when a new cause of action is established by statute, the law is substantive in nature. Part of the process of designing a new cause of action includes delineation of who has standing. The DRI review process and appeal to the Land and Water Adjudicatory Commission sets up an essentially new process or cause of action.[16]
AFFIRMED.
MILLS, J., and PEARSON, TILLMAN (Retired), Associate Judge, concur.
NOTES
[1] Section 380.06(1), Florida Statutes, defines a DRI as "any development which, because of its character, magnitude, or location, would have a substantial effect upon the health, safety, or welfare of citizens of more than one county." (e.s.) This definition must be read in pari materia with the definition of a "development" in Section 380.04, Florida Statutes, since both sections were originally enacted as part of the same legislative enactment  Chapter 72-317, Sections 1 and 4, Laws of Florida. Ivester v. State, 398 So.2d 926 (Fla. 1st DCA 1981), rev. denied, 412 So.2d 470 (Fla. 1982). In actuality, whether a particular project is a DRI for Chapter 380 purposes may only be resolved on a case-by-case basis. See generally § 380.06(4), Fla. Stat.; Fla. Admin. Code Rule 27F-1.16; Chapter 27F-2.
[2] A "regional planning agency" is a state designated agency that is created for the purpose of preparing studies, reports, and plans for a particular area of the state and for review of the impact that a proposed DRI will have upon the environment, economy and adequacy of housing of the geographic area, as well as upon government's ability to furnish adequate public transportation, water, sewer and solid waste disposal. §§ 380.031(13), 380.06(11)(a) 1.-6., Florida Statutes.
[3] Because the proposed DRI is in Palm Beach County, the regional planning agency having responsibility for review of the project is the Treasure Coast Regional Planning Council. See Fla. Admin. Code Rule 27E-1.02; Chapter 29 K-1.
[4] Although not raised as a point on appeal in this case, the appellant notes that certain procedural irregularities occurred during the hearing, the net result of which precluded appellant's presentation of evidence relating to the environmentally unsound nature of the proposed development. We are concerned by these allegations, since they suggest a course of conduct in direct contravention of Florida Administrative Code Rule 27F-1.12, which requires all agencies having responsibility for DRI review to encourage public imput in the review process. Further, Section 380.06(11)(c), Florida Statutes, mandates that any party that would be "substantially affected" by a DRI shall be afforded a reasonable opportunity to present evidence to the governing board of the regional planning agency.
[5] The Florida Land and Water Adjudicatory Commission consists of the Administration Commission or Cabinet. §§ 14.202; 380.07(1), Fla. Stat.
[6] Intervention was apparently accomplished pursuant to Florida Administrative Code Rule 27G-1.06.
[7] The state land planning agency is the Bureau of Land and Water Management, Department of Veterans and Community Affairs. See, e.g., § 163.3164(18), Fla. Stat.; Fla. Admin. Code Rule 27F-1.01(5).
[8] See Note 3.
[9] A "developer" is defined as "any person, including a governmental agency, undertaking any development as defined in" chapter 380. See § 380.031(4), Fla. Stat.
[10] Thayer v. State, 335 So.2d 815, 817 (Fla. 1976); Kokay v. South Carolina Ins. Co., 380 So.2d 489, 491 (Fla. 3d DCA 1980), aff'd., 398 So.2d 1355 (Fla. 1981); 30 Fla.Jur. Statutes § 93) (Rev. 1974).
[11] § 380.085(2), Fla. Stat. (1981).
[12] § 403.412(5), Fla. Stat. (1981).
[13] See generally Renard v. Dade County, 261 So.2d 832 (Fla. 1972).
[14] Section 380.07(2) was originally enacted in 1972, while Chapter 120 was enacted in 1974. See Ch. 72-317, § 1; Ch. 74-310, Laws of Fla.
[15] We disagree with appellant that it has no right of legal review. We have already noted a few of the alternative methods of review open to appellant. See notes 11-13. Appellant is merely deprived of a right of review of the development order by the Land and Water Adjudicatory Commission.
[16] Appellant also contends that its due process rights have been usurped, and that section 380.07(2) violates Article II, section 3 and Article V, section 1, Florida Constitution. These issues have been raised in pleading-like allegation style or, in the case of the due process argument, in scarcely a page of argument. "In view of the paucity of ... [appellant's] argument on the subject, we decline to recognize the issue[s] as adequately raised for decision." Carr v. Central Florida Aluminium Products, 402 So.2d 565, 568 (Fla. 1st DCA 1981); see also Lynn v. City of Ft. Lauderdale, 81 So.2d 511, 513 (Fla. 1955).