438 So.2d 91 (1983)
Javier LONDONO, Charles A. Williams, John M. Hoce, and Alan Espinosa, Appellants,
v.
CITY OF ALACHUA, Florida, Turkey Creek, Inc., and Florida Land and Water Adjudicatory Commission, Appellees.
No. AP-433.
District Court of Appeal of Florida, First District.
September 7, 1983.
George H. Nickerson, Jr., Gainesville, for appellants.
Lansing J. Roy, Keystone Heights, Robert M. Rhodes, Tallahassee, and A. Bice Hope, Alachua, for appellee Turkey Creek, Inc.
Jolen Rawls and Linda Loomis Shelley, Asst. Attys. Gen., Tallahassee, for appellee Commission.
*92 ROBERT P. SMITH, Jr., Judge.
Appellants are the individual owners of lots they previously purchased in a residential development called Turkey Creek, in the city of Alachua, Florida. In 1981 the developer, appellee Turkey Creek, Inc., proposed the further development of several hundred more acres, contiguous to appellants' lands, and submitted its plans for chapter 380 review and approval as a development of regional impact. Though the developer of course proposes no development for appellants' lands, as such, by agreement with the state land planning agency the developer included appellants' lands within the DRI so that the regional impact of developing all Turkey Creek lands, whether still owned by the developer or not, could be reviewed in connection with approving or not the developer's substantial new development plans.
The issue here is whether appellants, owners of the lands within the designated DRI but not proposed for new development, have chapter 380 standing to appeal to the Land and Water Adjudicatory Commission from Alachua's development order, adopted by city commission ordinance, conditionally approving the DRI and rezoning to "planned urban development" and "commercial" the owner-developer's lands not previously so zoned. The Land and Water Adjudicatory Commission dismissed appellants' appeal for their lack of standing to complain of the city's development order. From the Commission's order of dismissal appellants now appeal to this court. Sec. 380.085, Fla. Stat. (1981).
A party's standing to appeal from local government's development order to the Land and Water Adjudicatory Commission is determined by section 380.07(2), Florida Statutes (1981). That statute provides in pertinent part that "the owner, the developer, an appropriate regional planning agency ... or the state land planning agency may appeal the order of the Florida Land and Water Adjudicatory Commission... ."
Caloosa Property Owners Association, Inc. v. Palm Beach Board of County Commissioners, 429 So.2d 1260, 1263 (Fla. 1st DCA 1983), affirmed the Commission's dismissal of a section 380.07 appeal by an association of persons owning property adjoining a DRI, who complained of Palm Beach County's DRI approval. After reviewing the statutory terms at some length, the court held that section 380.07(2) permits appeals to the Commission only by "the owner of the property on which the DRI is to be located," or by the developer if that is someone else, or by the regional planning council whose public hearing, report and recommendation typically precedes, and in the present case preceded, the public hearing and action by local government. The concerns of the Land and Water Adjudicatory Commission (the Governor and Cabinet), the court found, are the regional concerns addressed by chapter 380 as debated primarily by "two groups  developers on one hand, and on the other, government planners and permitting authorities." 429 So.2d at 1264.
Caloosa held that property owners other than "the owner of the property on which the DRI is to be located" are restricted to initiating in circuit court, by various means discussed in the opinion, their complaints concerning zoning of other properties, adversely affecting their own, the burdensome use of other properties amounting to a taking of their own, and other wrongs cognizable in circuit court as portrayed in Renard v. Dade County, 261 So.2d 832 (Fla. 1972).
The distinction between this case and Caloosa is that appellants Londono, Williams, Hoce and Espinosa indisputably own property within the designated development of regional impact, which in all comprises nearly 1,000 acres. Though appellants' properties were already developed as part of Turkey Creek before the expansion that transformed the development into one of regional impact, appellants' lands are included in the DRI designation, though not proposed for development, so that the regional impact of the total development, past, present and future, may properly be assessed and managed without detriment to *93 regional interests. See Fla. Admin. Code Rule 27F-2.10(2)(a).
We believe the Commission is correct in its interpretation of chapter 380. Appellants' lands were not included within the DRI designation for the purpose of developing them, in any common sense of the word, but were included for the purpose of assessing more accurately the regional impact of the development as a whole, so to fix more accurately the owner-developer's responsibilities in developing the lands now to be developed. Nor are appellants' properties subject to the conditions of development that govern the DRI properties of Turkey Creek, Inc., which is the sole "owner" and "developer" recognized by section 380.07(2).
Though we thus regard Turkey Creek, Inc., as both owner and developer in this case, we do not render the statutory terms "owner" and "developer" redundant, as appellants argue is the case if they are not allowed Commission appeals. The owner of lands for which development is sought by DRI application, and the developer, may be different persons, though in this case Turkey Creek, Inc. is both.
We thus narrow the class of potential appellants under section 380.07(2), as described in Caloosa, to disqualify "owners" of land included in the DRI for purposes other than for development. We are persuaded to this view by the statutory policies as stated in Caloosa, which would not be served by placing the Governor and Cabinet, sitting as the Land and Water Adjudicatory Commission, in the position of judging from afar the particular effects of DRI-associated zoning upon individual lots nearby or adjacent to the DRI. As we stated in Suwannee River Area Council Boy Scouts of America v. State, Department of Community Affairs, 384 So.2d 1369, 1374 (Fla. 1st DCA 1980), "it is not the purpose of Chapter 380 to provide a forum for parties whose complaints focus on alleged detriment to activities they wish to conduct on adjoining lands."
These appellants, owning lots within the designated DRI but not proposed thereby for development, are in the same position as was the Caloosa association of property owners adjoining the proposed DRI. Like the Caloosa adjacent property owners, these appellants may well be affected in the enjoyment of their properties by the presence around them of a development of regional impact; by definition a DRI would seem to have some such effect. But the lands of the appellants are no more to be developed by Turkey Creek, Inc., and are no more to be bound by conditions attached to Turkey Creek's proposed new development, than were the lands of the nearby owners in Caloosa. Appellants therefore have no statutory standing to complain to the Commission that Alachua's development order insufficiently protects regional interests; that function is reserved, as Caloosa holds, to the designated governmental bodies whose responsibility it is to protect those regional issues. And to the extent that these appellants would complain that the rezoning impinges their "definite interest exceeding the general interest in community good share[d] in common with all citizens," appellant's remedies are in circuit court, as described at length in Renard, 261 So.2d at 837.
It is unnecessary in this case for us to examine all the ramifications of Manatee County v. Estech General Chemicals Corporation, 402 So.2d 1251 (Fla. 2d DCA 1981), which found in chapter 380 a purpose to shift from circuit court to the Commission the responsibility "to review the local zoning decisions as well as the decision relating to the DRI," thus avoiding "review of interrelated aspects of the same order proceeding concurrently in two forums." 402 So.2d at 1254. We need not squarely debate that issue in this case. If as appellants fear Caloosa and today's decision will produce simultaneous litigation both in circuit court and before the Commission of zoning questions associated with a DRI, then will be soon enough to resolve any potential conflicts.
AFFIRMED.
WENTWORTH and ZEHMER, JJ., concur.