John M. Harris Assistant City Attorney
QUESTION:
When a citizen engages in conduct which is found to be a repeat violation as defined in s. 162.04(5), F.S., may the citizen be fined up to 500 for the day on which such conduct took place or only for those days the repeat violation continues after notice to the violator?
SUMMARY:
A citizen who engages in conduct which is found to be a repeat violation may be fined only for those days the repeat violation continues after notice to the violator.
You state that in March, 1991, a local businessman was cited by the Code Enforcement Officer for the City of Titusville for con-ducting a business within city limits without an occupational license, a violation of s. 13-1 of the city code. When he refused to obtain a license, he was brought before the code enforcement board which found him in violation of the city code. The businessman agreed to stop conducting business within the city and to discontinue use of a specified address and telephone number previously used in his business capacity.
It was subsequently determined that the businessman was again in violation of s. 13-1 of the city code and he was cited for a repeat violation. The code enforcement board conducted a hearing and found the businessman to be in repeat violation of s. 13-1. The code enforcement board attorney, however, has advised the board that based upon the language of s. 162.09(1), F.S., the board does not have the authority to impose a fine unless the violation continued past the date of notice.
Chapter 162, F.S., the "Local Government Code Enforcement Boards Act,"[1] authorizes the creation of quasi-judicial administrative boards "with authority to impose administrative fines and other noncriminal penalties to provide an equitable, expeditious, effective, and inexpensive method of enforcing any codes and ordinances in force in counties and municipalities, where a pending or repeated violation continues to exist."[2]
Section 162.09(1), F.S., provides:
 An enforcement board, upon notification by the code inspector that an order of the enforcement board has not been complied with by the set time or, upon finding that a repeat violation has been committed, may order the violator to pay a fine in an amount specified in this section . . . in the case of a repeat violation, for each day the repeat violation continues past the date of notice to the violator of the repeat violation. . . .[3] (e.s.)
Section 162.09(2)(a), F.S., specifies that a fine may be imposed pursuant to this section in an amount not to exceed 500 per day for a repeat violation.
The intent of the Legislature controls the construction of statutes; that intent is determined primarily from the language of the statute.[4] Since the Legislature is presumed to know the meaning of the words it uses and to convey that intent by use of specific terms, the court must apply the plain meaning of those words if they are unambiguous.[5]
While s. 162.09(2), F.S., prescribes the amount that may be imposed, it is s. 162.09(1), F.S., which actually authorizes the imposition of the fine. It clearly states that in the case of a repeat violation, a fine may be imposed for each day the violation continues past the date of notice to the violator. The term "past" has generally been defined as later than, after, beyond.[6]
Thus, s. 162.09(1), F.S., authorizes the imposition of a fine for each day the violation continues after or beyond the date of the notice.
Accordingly, I am of the opinion that pursuant to s. 162.09(1), F.S., a citizen who engages in conduct which is found to be a repeat violation may be fined only for those days the repeat violation continues after notice to the violator.
RAB/tjw
[1] Section 162.01, F.S.
[2] Section 162.02, F.S. Authorization was necessary for the creation of a quasi-judicial advisory board with the power to impose administrative fines in light of s. 1, Art. V, and s. 18, Art. I, State Const., which respectively provide that administrative officers or bodies may be granted quasi-judicial powers in matters connected with their office, and that no administrative agency shall impose a sentence of imprisonment nor shall it imposes any other penalty except as provided by law.
[3] See, s. 162.04(5), F.S., defining "Repeat violation" as "a violation of a provision of a code or ordinance by a person whom the code enforcement board has previously found to have violated the same provision within 5 years prior to the violation."
[4] See, e.g., St. Petersburg Bank Trust Co. v. Hamm, 414 So.2d 1071 (Fla. 1982).
[5] See, e.g., Caloosa Property Owners Association, Inc. v. Palm Beach County Board of County Commissioners, 429 So.2d 1260 (1 D.C.A. Fla., 1983).
[6] See, Webster's Third New International DictionaryPast p. 1652 (unabridged ed. 1981).