Mr. John R. Kancilia City Attorney City of Cape Canaveral 1825 South Riverview Drive Melbourne, Florida 32901
Dear Mr. Kancilia:
You ask on behalf of the City of Cape Canaveral substantially the following questions:
1. May the municipal code enforcement board enforce municipal ordinances which prohibit the removal of protected trees?
2. May the City of Cape Canaveral, by ordinance, give its code enforcement board subject matter jurisdiction which differs from s. 162.02, F.S.?
In sum:
1. The municipal code enforcement board may enforce codes and ordinances which prohibit the removal of protected trees.
2. The City of Cape Canaveral may, by ordinance, limit the jurisdiction of the alternate code enforcement system. However, the city may not expand the enforcement powers of a board beyond those contemplated of Ch. 162, F.S.
Question One
Chapter 162, F.S., the "Local Government Code Enforcement Boards Act,"[1] authorizes the creation of quasi-judicial administrative boards "with authority to impose administrative fines and other noncriminal penalties to provide an equitable, expeditious, effective, and inexpensive method of enforcing any codes and ordinances in force in counties and municipalities, where a pending or repeated violation continues to exist."[2] (e.s.)
The Legislature's intent, as indicated from the language contained in a statute, controls how a statute is constructed.[3] It is presumed that the Legislature knows the meaning of the words it uses and to convey its intent by the use of specific terms, courts must apply the plain meaning of those words if they are unambiguous.[4]
The plain language of the statute authorizes local government code enforcement boards to enforce "any" codes and ordinances in force in the county or municipality. The term "any" is generally defined as "[o]ne indiscriminately of whatever kind or quantity"[5] or "one indifferently out of more than two."[6]
While s. 162.02, F.S. (1987), was limited to the enforcement of "technical" codes,[7] the statute was amended in 1989 "to delete any reference to specific types of codes and ordinances under the jurisdiction of code enforcement boards."[8] As reflected in the legislative history of the amendment, "[t]his would make it clear that local governments can place the enforcement of any local code or ordinance under the jurisdiction of code enforcement boards."[9]
Thus, under s. 162.02, F.S., local government code enforcement boards are authorized to enforce any code or ordinance of the city. It is my opinion, therefore, that the City of Cape Canaveral Code Enforcement Board may be authorized to enforce codes and ordinances which prohibit the removal of protected trees.
Question Two
This office has concluded that a local government which elects to proceed pursuant to Part I, Ch. 162, F.S., to enforce its codes has no delegated authority from the Legislature to alter or regulate the statutorily prescribed enforcement procedures in any way.[10] Section 162.03(2), F.S., however, authorizes a municipality, by ordinance, to adopt an alternate code enforcement system which gives code enforcement boards the authority to hold hearings and assess fines against violators of the respective municipal codes and ordinances.
You state that the City of Cape Canaveral, by ordinance, has created a code enforcement board. The structure of the ordinance is similar to Part I, Ch. 162, F.S., but provides that the jurisdiction of the board shall be to hear and decide violations of the "technical codes in force in the City of Cape Canaveral, including, but not limited to, occupational license, fire, building, zoning and sign codes."
Thus, the ordinance appears to track the language of s. 162.02, F.S. (1987), which has been amended and now provides for the enforcement of any codes and ordinances in force in a county or municipality.
While the provisions in s. 162.02, F.S., have been broadened to allow the enforcement of any code or ordinance of a city, it would appear that the ordinance enacted by the City of Cape Canaveral limits the jurisdiction of the code enforcement board to technical codes.[11] As an alternate enforcement system created by the city by ordinance, the code enforcement board would only have such jurisdiction as is granted by the ordinance.[12]
Accordingly, it is my opinion that the jurisdiction of the City of Cape Canaveral code enforcement board is limited by the ordinance creating the board and, while its jurisdiction may be expanded, such action must be by legislative action of the city.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 162.01, F.S.
[2] Section 162.02, F.S. Such authorization is necessary for the creation of a quasi-judicial advisory board with the power to impose administrative fines in light of s. 1, Art. V, and s. 18, Art. I, State Const., which respectively provide that administrative officers or bodies may be granted quasi-judicial powers in matters connected with their office, and that no administrative agency shall impose a sentence of imprisonment nor shall it impose any other penalty except as provided by law.
[3] See, e.g., St. Petersburg Bank and Trust Co. v. Hamm,414 So.2d 1071 (Fla. 1982).
[4] See, e.g., Caloosa Property Owners Association, Inc. v. Palm Beach County Board of County Commissioners, 429 So.2d 1260 (1 D.C.A. Fla., 1983).
[5] Blacks Law Dictionary Any 86 (5th ed. 1979).
[6] See, Webster's Third New International Dictionary Any 97 (unabridged ed. 1981).
[7] See, AGO 83-63, in which this office concluded that the jurisdiction of a local government code enforcement board was restricted to the enforcement of local codes relating to a particular art, science, profession, trade or skill, and to those enumerated at the time (occupational license, fire, building, zoning, and sign codes) and codes of a similar nature, excluding ordinances concerning parking and traffic violations and all misdemeanors and other offenses provided for by municipal ordinance.
[8] House of Representatives Committee on Governmental Operations as revised by the Committee on Rules and Calendar Staff Analysis and Economic Impact Statement, CS/CS/HB 1210, HB 1474, and HB 1484, May 25, 1989.
[9] Id.
[10] See, AGO's 91-29, 89-83 and 86-10.
[11] See, AGO 83-63, supra.
[12] See, s. 162.13, F.S., providing that nothing in the "Local Government Code Enforcement Boards Act" shall prohibit a local governing body from enforcing its codes by any other means.