BENTON, Judge,
concurring specially.
• I concur fully in the judgment of the court and in the majority opinion, and accept ap-pellees’ contention that the decision in Londono v. City of Alachua, 438 So.2d 91 (Fla. 1st DCA 1983) answers appellant’s argument that, simply because the Edgewater Beach Owners Association (Association) “administers a portion of the property on which the DRI development order is located, it must be considered an owner and granted section 380.07(2) standing in this case.” Nor does the result we reach today represent a repudiation of the doctrine of the law of the case.
The last time the Association appealed an order of the Florida Land and Water Adjudicatory Commission (FLWAC) dismissing the Association’s administrative appeal for lack of standing, we reversed, saying:
In conclusion, we find that appellant Edgewater [Beach Owners Association] is an “owner” under the terms of Section 380.07(2), and therefore has standing to appeal the amended development order rendered by the Board of County Commissioners.
Edgewater Beach Owners Ass’n, Inc. v. Board of County Comm’rs of Walton County, 645 So.2d 541, 543 (Fla. 1st DCA 1994). The appeal we now decide concerns the same administrative appeal to FLWAC from the same amended development order that the Board of County Commissioners of Walton County entered in 1993.
*45 Fortunately for litigants and appeals courts alike, most litigation does not involve even a single appeal. Whatever else it may accomplish, an appeal consumes additional resources. Reflecting this reality, an important rule of decision has been devised for litigation that bubbles up repeatedly into the appellate courts: Once actually decided by the highest court to which the case goes, the law of the case cannot be revisited, with rare exceptions not applicable here.
“Law of the case” refers to the principle that the questions of law decided on an appeal to a court of ultimate resort must govern the case in the same court and the trial court through all subsequent stages of the proceeding. Or, as otherwise stated, whatever is once established between the same parties in the same ease continues to be the law of the case, whether correct on general principles or not, so long as the facts on which such decision was predicated continue to be the facts in the ease.
3 Fla. Jur.2d Appellate Review § 414 (1978). But the “doctrine of the law of the case applies only to issues actually or impliedly presented and decided on appeal, and not to mere dicta, or to issues not considered. See 3 Fla.Jur.2d Appellate Review § 421 (1978).” Golden v. State, 528 So.2d 50, 51 (Fla. 1st DCA 1988); Myers v. Atlantic Coast Line Ry. Co., 112 So.2d 263 (Fla.1959); State v. Florida State Improvement Comm’n, 60 So.2d 747 (Fla.1952); Crabtree v. Aetna Cas. and Sur. Co., 438 So.2d 102 (Fla. 1st DCA 1983). See Hart v. Stribling, 25 Fla. 435, 6 So. 455, 459 (1889).
When the present case was first before the Court, we “h[e]ld that the petition is sufficient under the statute to allege ... appellant’s standing as an affected land owner.” Edgewater, 645 So.2d at 543 (emphasis supplied). Our holding went no further than that, despite the use of the word “find” in the opinion’s eonclusory paragraph. The case was then in no posture for anybody — certainly not an appellate court, in the first instance — to make any finding. Findings made on remand by the administrative law judge — or hearing officer, as he was then known, see Life Care Ctrs. of Am., Inc. v. Sawgrass Care Ctr., Inc., 683 So.2d 609, 612 n. 4 (Fla. 1st DCA 1996) —refute the allegations we earlier held sufficient as a matter of pleading to support a claim of standing. Our decision today comports fully with our resolution of the question of law actually decided when we saw the case last.