714 So.2d 473 (1998)
GRAND DUNES, LTD., and KPM, Ltd., Company, Appellants,
v.
WALTON COUNTY, Florida and Edgewater Beach Owners Association, Appellees.
No. 97-1590.
District Court of Appeal of Florida, First District.
May 12, 1998.
Nancy G. Linnan and Martha Harrell Chumbler of Carlton, Fields, Ward, Emmanuel, *474 Smith & Cutler, P.A., Tallahassee, for Appellants.
David A. Theriaque, Tallahassee, for Appellees.
Terrell K. Arline of 1000 Friends of Florida, Inc., Tallahassee, for Amicus Curiae in support of Appellees.
KAHN, Judge.
This is an appeal from a final order of the Florida Land and Water Adjudicatory Commission (FLWAC). Appellee Edgewater Beach Owners Association (EBOA) sought review by FLWAC, pursuant to section 380.07, Florida Statutes (1995), of an order entered by the Walton County Commission amending a development of regional impact (DRI) development order. An administrative law judge entered a recommended order proposing that FLWAC approve the development order and dismiss the appeal. FLWAC, however, entered a final order upholding EBOA's challenge to the development order. Appellants, the developers, brought this appeal raising several challenges to the FLWAC proceeding. We vacate the final order and remand the case with directions that EBOA's petition be dismissed for lack of standing.
After review of the case and controlling law, this court entered an order requiring supplemental briefing on the question of EBOA's standing to challenge the DRI development order in a proceeding before FLWAC. In our order, we pointed out that section 380.07(2), Florida Statutes (1995), permits only "the owner, the developer, or the state land planning agency" to appeal a DRI development order to FLWAC, and nothing in the record suggested that EBOA would qualify as one of those designated parties. Although in a prehearing stipulation the parties agreed that "EBOA has standing to bring this appeal," we were concerned that such a stipulation might amount to a prohibited stipulation to jurisdiction. Pursuant to our directions, the parties filed supplemental briefs.
This is not the first DRI development order that EBOA has challenged with regard to appellants' proposed development. Several years ago, EBOA challenged a 1993 Walton County DRI development order concerning the same property. EBOA filed a petition with FLWAC pursuant to section 380.07(2), but FLWAC determined that EBOA did not have standing to appeal the development order and dismissed the administrative appeal. When EBOA sought review before this court, we found the allegations in EBOA's petition sufficient to establish EBOA's standing as an affected land owner. See Edgewater Beach Owners Ass'n v. Board of County Comm'rs of Walton County, 645 So.2d 541, 543 (Fla. 1st DCA 1994). On remand, however, FLWAC determined that EBOA did not in fact have standing to appeal the 1993 DRI development order. On appeal, this court affirmed. Edgewater Beach Owners Ass'n v. Board of County Comm'rs of Walton County, 694 So.2d 43, 44 (Fla. 1st DCA 1997). The case before us now involves a challenge to a 1995 DRI development order. In this challenge, EBOA has never made fact allegations which, if proven, would establish its standing. Instead, the parties entered into the aforementioned stipulation before the hearing.
As we have previously observed, "[t]he DRI review process and appeal to the Land and Water Adjudicatory Commission sets up an essentially new process or cause of action." Caloosa Property Owners Ass'n v. Palm Beach County Bd. of County Comm'rs, 429 So.2d 1260, 1267 (Fla. 1st DCA 1983). "In seeking to accomplish this regulatory scheme, the legislature enumerated those parties that were charged with the responsibility of reviewing the local government's action and vested with the right to appeal an order entered by such local government." Sarasota County v. Beker Phosphate Corp., 322 So.2d 655, 658 (Fla. 1st DCA 1975). We cannot escape the fact that, in clear terms, section 380.07(2) permits only "the owner, the developer, or the state land planning agency" to appeal a DRI development order to FLWAC. See Friends of the Everglades, Inc. v. City of Miami, 485 So.2d 856 (Fla. 1st DCA 1986); Londono v. City of Alachua, 438 So.2d 91, 92 (Fla. 1st DCA 1983)(explaining that section 380.07(2) determines a party's *475 standing to appeal local government development order to FLWAC). The DRI process is "primarily a comprehensive land use review technique for large scale development involving primarily two groupsdevelopers... and ... governmental planners and permitting authorities." Caloosa, 429 So.2d at 1264. We have observed under a previous version of the statute that the limited legislative grant of standing to specified groups or individuals, "coupled with the ... purposes of the DRI process in general and the goal of expeditious review in particular ... has led this and other Florida courts to conclude that standing to appeal a development order to FLWAC is limited to those parties expressly stated in section 380.07(2)." Friends of the Everglades, Inc. v. Board of County Comm'rs of Monroe County, 456 So.2d 904, 908 (Fla. 1st DCA 1984).
We have not ignored the parties' attempted stipulation. Nevertheless, the case law and the statute are clear as to the limited standing available in a section 380.07 proceeding. This court has the right and the obligation to remand a cause for dismissal where the party seeking relief did not have the initial right to institute the suit, even though the defending party did not notice the defect. See Guernsey v. Haley, 107 So.2d 184, 186 (Fla. 2d DCA 1958). A stipulation to jurisdiction over the subject matter where none exists is ineffectual. See Polk County v. Sofka, 702 So.2d 1243, 1245 (Fla.1997). In the administrative context, "[s]tanding has been equated with jurisdiction of the subject matter of litigation and has been held subject to the same rules, one of which is that jurisdiction of the subject matter (thus standing to bring suit) cannot be conferred by consent." Askew v. Hold the Bulkhead-Save Our Bays, Inc., 269 So.2d 696, 698 (Fla. 2d DCA 1972), overruled on other grounds, Save Sand Key, Inc. v. United States Steel Corp., 281 So.2d 572, 577 (Fla. 2d DCA 1973).
Based on the foregoing, we VACATE the order on appeal and REMAND the matter with directions that EBOA's petition for review of the DRI development order be dismissed. Such disposition is, of course, without prejudice to EBOA's right to pursue any other remedy that it may have to challenge the development order.
ERVIN and DAVIS, JJ., concur.